THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00179-MR
(CRIMINAL CASE NO. 1:12-cr-00020-MR-5)

| | |
|---|---|
| KEITH ARTHUR VINSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion for Subpoenas [Doc. 23].

The Petitioner moves pursuant to Rule 45(c)(1) of the Federal Rules of Civil Procedure for the issuance of subpoenas for the testimony of John Clark Fischer and Richard Fennell, as well as the issuance of a subpoena *duces tecum* to the custodian of records for the Buncombe County Sherriff's Office for all recordings of telephone calls of the Petitioner from the period of October 17, 2013 through October 31, 2013. [Doc. 23]. The Government opposes the issuance of a subpoena *duces tecum*. [Doc. 24].

In the ordinary civil case, the "clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it" and the party requesting the

subpoena must be prepared to pay the ordinary costs associated with issuing a subpoena. Fed. R. Civ. P. 45(a)(3); 45(b)(1). However, pursuant to 28 U.S.C. § 1825, in proceedings *in forma pauperis* under Section 2255, the United States Marshal bears the cost of fees for witnesses that appear "pursuant to subpoenas issued upon approval of the court." 28 U.S.C.A. § 1825(b). Here, the Petitioner's indigency is established, having been appointed counsel for the evidentiary hearing due to his indigency. [Doc. 18]. Because the costs are borne by the United States Marshal, this Court must first approve the subpoenas before issuance.

A civil subpoena commanding a witness to attend a hearing is limited to within 100 miles of where the witness resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(1)(A). Here, the Petitioner concedes that John Clark Fischer's place of residence and employment is not within 100 miles of Asheville, North Carolina. [Doc. 23 at 3, n. 1]. The Petitioner also concedes that John Clark Fischer does not appear to transact business in person within 100 miles of Asheville, North Carolina. [Id.]. As such, the attendance of Mr. Fischer at the evidentiary hearing is beyond the subpoena power of Rule 45. The Government, however, expects Mr. Fischer to appear and testify voluntarily at the evidentiary hearing for this matter. [Doc. 24 at 4]. If Mr. Fischer appears

2

voluntarily to testify at the evidentiary hearing as expected, then the Petitioner's need for a subpoena will be obviated as the Petitioner will have an opportunity to conduct a cross-examination of Mr. Fischer. In the event Mr. Fischer does not appear at the evidentiary hearing, the Petitioner may renew his motion for the issuance of a subpoena and depose Mr. Fischer to supplement the record. Therefore, the Court will deny the Petitioner's motion for subpoena as it pertains to John Clark Fischer without prejudice.

The Petitioner also moves for the issuance of subpoena for the testimony of Richard Fennell. [Doc. 23 at 3]. The Court finds that Mr. Fennell is not employed within 100 miles of Asheville, but does regularly transact business within 100 miles of Asheville. As such, Mr. Fennell may be properly subpoenaed to attend the evidentiary hearing. Therefore, the Court will grant the Petitioner's motion for the issuance of a subpoena as it pertains to Richard Fennell.

Lastly, the Petitioner moves for the issuance of a subpoena *duces tecum* to the custodian of records for the Buncombe County Sherriff's Office for all recordings of telephone calls of the Petitioner from the period of October 17, 2013 through October 31, 2013. [Doc. 23 at 3-4]. Specifically, the Petitioner contends that the Buncombe County Sherriff's Office may possess a recording in which Petitioner's trial counsel apologized for

3

incorrectly explaining the Government's plea offer. [Doc. 23 at 3]. The Petitioner's proffer of the possible content of a recording, however, is not relevant to the issues Petitioner presents in his motion to vacate. The issues set for the evidentiary hearing pertain to the advice given by Petitioner's trial counsel regarding the likelihood of Petitioner's conviction at trial and the sentence Petitioner would likely received if convicted. [See Doc. 18]. Further, it appears that the sought after recording likely does not exists, as the Petitioner states that the conversation sought "was not on a recorded line." [Doc. 23 at 3-4]. Rule 6 of the Rules Governing 2255 proceedings provides that the Court may, for good cause, authorize a party to conduct discovery, but "does not authorize fishing expeditions." Huitt v. United States, No. 316CR206MOCDSC1, 2019 WL 1128762, at *2 (W.D.N.C. Mar. 12, 2019) (quoting Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994)). Here, the Petitioner seeks a recording that likely does not exist and, in any event, would be unhelpful regarding the present issues for hearing. As such, the Petitioner's request for the issuance of a subpoena *duces tecum* amounts to a fishing expedition and fails to demonstrate good cause. Therefore, the Court will deny the Petitioner's motion as it pertains to the issuance of a subpoena *duces tecum* to the custodian of records for the Buncombe County

Sherriff's Office for all recordings of telephone calls of the Petitioner from the period of October 17, 2013 through October 31, 2013.

For all these reasons, the Petitioner's motion for the issuance of subpoenas is granted in part and denied in part. However, in the event that John Clark Fischer does not voluntarily appear and testify at the evidentiary hearing for this matter, such denial shall be without prejudice subject to counsel refiling his request in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion for Subpoenas [Doc. 23] is **GRANTED IN PART** and **DENIED IN PART.** The Petitioner's Motion is **GRANTED** as to issuance of a subpoena for the testimony of Richard Fennell [Doc. 23-2]. The Petitioner's Motion is **DENIED WITHOUT PREJUDICE** as to the issuance of a subpoena for the testimony of John Clark Fischer [Doc. 23-1]. The Petitioner's Motion is **DENIED** as to the issuance of a subpoena *duces tecum* to the custodian of records for the Buncombe County Sherriff's Office for all recordings of telephone calls of the Petitioner from the period of October 17, 2013 through October 31, 2013 [Doc. 23-3].

**IT IS FURTHER ORDERED** that after the subpoena for the testimony of Richard Fennell [Doc. 23-2] has been issued by the Clerk of this Court,

the subpoena shall be delivered to the United States Marshal Service with directions that they serve the subpoena upon Richard Fennell, forthwith.

**IT IS SO ORDERED.**

Signed: June 7, 2019

Martin Reidinger
United States District Judge